**GENERAL INSURANCE COMPANY OF AMERICA, Appellant,**

**v.**

**SMITH & WARDROUP, INC., Appellee.**

No. 7440.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 15, 1965.

Rehearing Denied March 15, 1965.

Finley & Scogin, Kermit, for appellant.

Brown & Shuman, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit that was instituted by Smith & Wardroup, Inc., appellee, under the provisions of Article 5160 relating to the rights of persons or corporations furnishing labor or material in a contract with a state agency. Suit was against C. V. Thornton Company, Inc., the original contractors, Midland National Bank of Midland, Texas, assignee of C. V. Thornton Company, Inc., and General Insurance Company of America and Buster Cole, who were alleged to be joint sureties on the bond of C. V. Thornton Company, Inc. Appellee, Smith & Wardroup, Inc., alleged that it engaged in the general paint contracting work and that C. V. Thornton Company, Inc., entered into a contract, acting as general contractor, to erect a maintenance office, storage shop and service station building in Plains, Yoakum County, Texas, for the Texas Highway Department. Appellee alleged that it was a sub-contractor under C. V. Thornton Company. Copy of its contract was attached to the original petition. Under the terms and provisions of the contract C. V. Thornton Company was to pay to the appellee, who were plaintiffs in said suit, the sum of $2,450. The contract also provided for addendas to the job, increasing the total due to the appellee under said contract to a total of $2,560. There was an allegation that no payment had been made and that this sum remained unpaid. The appellee alleged notice of claim for material furnished to General Insurance Company of America and to Buster Cole, as well as to C. V. Thornton Company, Inc., under the provisions of Article 5160 of Texas Vernon's Annotated Civil Statutes.

Upon the trial of the case Midland National Bank was dismissed from the case and at the end of the plaintiff's testimony an instructed verdict was given in behalf of Buster Cole.

Smith & Wardroup, Inc., also pleaded in the alternative that if it did not strictly comply with all the terms and provisions of Article 5160 of Vernon's Texas Annotated Civil Statutes in order to secure payment under the payment bond executed by General Insurance Company of America that General Insurance Company of America was estopped from denying liability under its payment bond because it has waived its right to demand strict compliance with Article 5160, further pleading other matters as to filing claims with C. V. Thornton Company, Texas Highway Department, and General Insurance Company of America.

The letter relied upon as waiving strict compliance of Article 5160 if Smith & Wardroup, Inc., had not strictly complied with said article in presenting its claim is as follows:

"This will acknowledge receipt of your claim which you apparently sent to our Seattle, Washington Office a copy of which was sent to us. This is to advise that our indemnitor, Mr. Buster Cole Y Ranch, Goldsmith, Texas, has agreed to let us know not later than July 13th, 1961 whether he intends to take over direct payment of these claims or through a joint account with us. In the event he declines to do so then we will undertake to pay all valid and verified claims. In any event, you should expect to receive your money, if the claim is valid not later than the end of the month. We trust this is satisfactory."

The case was submitted to a jury upon two special issues and the issues and answers thereto are as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the defendant, General Insurance Company of America, by their letter of July 13, 1961 waived their right to insist upon strict compliance with Article 5160 of Texas Annotated Civil Statutes?

"Answer 'Yes' or 'No.'

"ANSWER: YES

"If you have answered Special Issue No. 1 'Yes', and only in such event, then answer the following Special Issue:

"SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that the waiver, if any, of compliance with Article 5160 of Texas Annotated Civil Statutes was withdrawn by General Insurance Company of America on or about September 11 or 13, 1961?

"Answer 'Yes' or 'No.'

"ANSWER: NO"

No objections were made as to the charge given, nor the special issues submitted.

Judgment was granted in favor of Smith & Wardroup, Inc., for the sum of $2,450, together with interest thereon at the rate of six per cent per annum from June 20, 1961, until paid plus attorney's fees in the amount of $750, together with interest thereon in the rate of six per cent per annum from date of judgment until paid. From that judgment General Insurance Company of America perfected this appeal and will hereafter be referred to as appellant and Smith & Wardroup, Inc., will be referred to as appellee.

Appellant presents this appeal upon thirteen assignments of error but all of them are based upon the contention the appellee did not comply with Article 5160 and no proper showing that appellant waived its right to require strict compliance with Article 5160 or to demand substantial compliance with said article.

■ The appellee had a written contract to furnish the materials and do the painting on the building in question for the sum of $2,450. There is no contention made that appellee did in any manner fail to complete the contract as it contracted to do. Under this record it is undisputed that appellee completed the job as contracted. That being true there could be no question but that appellee's claim was a valid claim. Should it be said the answer to Special Issue No. 1 is a question of law and not a question of fact, we would consider, as a matter of law, the appellant had waived further compliance with Article 5160. It is stated in United Benefit Fire Ins. Co. v. Metropolitan Plumbing Co., Tex.Civ.App., 363 S.W. 2d 843, as follows:

> "It is well settled that a right or privilege given by statute may be waived or surrendered, in whole or in part, by the party to whom or for whose benefit it is given, if he does not thereby destroy the rights and benefits conferred upon or flowing to another in or from the statute or other legal or equitable source.

> "Assuming, for purpose of this opinion only, that the notice actually given by plaintiff was insufficient to meet and satisfy the requirements of the statute —did the surety, by virtue of its acts and conduct, waive strict compliance on the part of the plaintiff with the notice requirements of the statute, so as to preclude the surety from asserting its discharge?"

■ It is the contention of appellant that it later, after writing the letter above set out, let appellee know it was requiring compliance with Article 5160 and required further proof. On October 10, 1961, appellant wrote a letter to appellee denying liability, after the time had expired for appellee to file claim in accordance to Article 5160, re-ferring to a telephone conversation between appellant and appellee on September 13, 1961, in which appellant advised appellee that its claim did not comply with Article 5160. Appellee denied that any such telephone conversation ever took place. In answer to Special Issue No. 2 the jury found that the waiver, if any, of compliance with Article 5160 was not withdrawn by appellant on or about September 11 or 15, 1961. We are of the opinion, and so hold, under this record that appellant is estopped to deny liability herein since it had waived further compliance with Article 5160 and had led appellee to believe its claim was approved by appellant and would be paid by the end of July, 1961.

It is stated in Kuehne v. Denson, 148 Tex. 54, 219 S.W.2d 1006, as follows:

> " 'The purpose of estoppels is to prevent inconsistency and fraud resulting in injustice.' 31 C.J.S., Estoppel, § 1, page 192. Although the case involves only estoppel in pais, Davis, Receiver, v. Allison, 109 Tex. 440, 211 S.W. 980, 984, applies as well to all other estoppels when it declares: 'Estoppel is a doctrine for the prevention of injustice. It is for the protection of those who have been misled by that which upon its face was fair, and whose character as represented parties to the deception will not, in the interest of justice, be heard to deny. But one entitled to its protection must have been misled.' "

See also Hubacek v. Manufacturers Cas. Ins. Co., Tex.Civ.App., 247 S.W.2d 173 (N.R.E.); and Everett v. Everett, Tex.Civ. App., 309 S.W.2d 893 (N.R.E.).

We have carefully considered each and all of appellant's assignments of error and overrule all of them. Judgment of the trial court is affirmed.