**TRINITY UNIVERSAL INSURANCE CO.,**
Appellant,

v.

**George L. McLENDON, Jr., d/b/a Fort Worth Hotel Supply, Appellee.**

No. 7642.

Court of Civil Appeals of Texas.

Texarkana.

May 11, 1965.

Rehearing Denied May 25, 1965.

L. E. Elliott, Brundidge, Fountain, Elliott & Churchill, Dallas, for appellant.

William L. Richards, Andress, Woodgate, Richards & Condos, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellee, a subcontractor, sued Marble Construction Co., Inc., the prime contractor, and appellant, on a payment bond given under the provisions of Art. 5160, R.C.S., Vernon's Ann.Civ.St. art. 5160 for labor and material furnished by appellee to the prime contractor in the construction of a new elementary addition for the Killeen Independent School District in Bell County, Texas. The subcontract provided for installing certain cooking equipment in the school building, and a lump sum payment after the completion of the subcontract.

Appellee alleged that the subcontract was completed on October 10, 1962, or shortly thereafter. Appellee's final bill not having been paid, he contacted the superintendent of the Killeen Independent School District by telephone on or immediately prior to December 13, 1962, and was advised by the superintendent to get in touch with the appellant because it had issued a payment bond on the contract. Appellee then placed a long distance call to the appellant and an agent of the appellant told appellee not to worry about the balance that was due under the contract, but for him to send appellant the information and he would see that the bill was paid. After the appellee placed the telephone call, he, on December 13, 1962, wrote a letter to the appellant, directed to the attention of the agent, and sent him the itemized bill that showed the balance of the account in the amount of $10,558.79, with a carbon copy mailed to Mr. McClung; George Christian, Architect; Mr. Peeples,

Superintendent of the Killeen Independent School District; and, Marble Construction Co., Inc. Appellee alleged that the appellant was estopped to deny its liability under the payment bond and had waived the requirements of filing an itemized and verified bill as required by the statutes.

Appellant defended the suit on the theory that the appellee had failed to comply with the statutory prerequisites necessary to fix liability on the payment bond. After the evidence was all in appellant made a motion for instructed verdict. The motion was overruled, and certain special issues were submitted to the jury. The special issues inquired about the telephone conversation, and whether or not the agent had told the appellee that the bill would be paid; that the appellee relied upon the statement; that he was not prompted to take further action with respect to complying with the legal requirements of the statutes; and, that the agent knew or should have known that the appellee would have acted in the manner that he did upon the promise. The jury answered all the special issues in favor of the appellee. The trial court found that the appellant was estopped to deny liability under the payment bond, and rendered judgment in favor of the appellee. Appellant has perfected its appeal and brings forward 7 points of error.

By its points 1 and 4, appellant says the trial court erred in overruling its motion for instructed verdict on the ground that there was no compliance with the statutory requirements for fixing liability under the payment bond sued on; and, in overruling its motion for judgment n. o. v., because there was no evidence of any compliance by appellee with the statutory prerequisites for fixing liability on the bond, or of estoppel to deny such liability. According to the evidence, shortly after the telephone call made by appellee to appellant and the letter written by appellee to the agent of appellant, appellee received a payment on the balance due, which left a balance of $1,893.-26. George L. McLendon, Jr., the appellee, testified very definitely that he understood

the information he sent to the appellant by the letter dated December 13, 1962, was all that was necessary for him to do.

■ Appellant took the position that the agent wrote a letter to appellee on December 18, 1962, in which it acknowledged receipt of the letter from appellee dated December 13, 1962, advising appellee that the notice was not in keeping with the information requested during the telephone conversation. Appellee denied seeing the letter dated December 18, 1962, that supposedly was written to him. There was no proof that the letter was written, and the original thereof was mailed as required by the rules of evidence to make it admissible; even though the copy was admitted in evidence. There is a conflict in the evidence that was introduced, sufficient to show that appellant waived the requirement under the McGregor Act (Art. 5160, R.C.S.), for filing the bill, and is sufficient to support the jury's finding.

It seems that the McGregor Act (Art. 5160, R.C.S.) is patterned after the Miller Act of the Federal Statutes (40 U.S.C.A. §§ 270a and 270b). The Act provides for giving payment bonds by contractors for public works and buildings. The Act also provides for the itemization and verification of all claims in order to hold the bonding company liable.

■ Under the Miller Act (40 U.S.C.A. §§ 270a and 270b) the requirement of the statute for the itemization and verification of the bills can be waived. United States for Use of Koppers Co., Appellee v. Five Boro Construction Corp. et al., appellants, 4 Cir., 310 F.2d 701; McWaters and Bartlett et al., appellants v. United States, appellee; and, American Surety Co. of New York, appellant, v. McWaters and Bartlett et al., appellees, 10 Cir., 272 F.2d 291; United States for Use and Benefit of Hopper Bros. Quarries, appellant v. Peerless Casualty Co., appellee, 8 Cir., 255 F.2d 137.

It seems that the question of waiver and estoppel, Art. 5160, R.C.S., as amended

April 27, 1959, has been written on only two times. United Benefit Fire Ins. Co. v. Metropolitan Plumbing Co. (Tex.Civ.App.), 363 S.W.2d 843, N.W.H., and, General Insurance Co. of America v. Smith & Waldroup, Inc. (Tex.Civ.App.), 388 S.W.2d 262. Article 5160 was fully discussed in the United Benefit Fire Ins. Co., supra, as well as the sufficiency of the notice and claim for the balance due under the contract. In addition to discussing the article, the court said:

> "It is well settled that a right of privilege given by statute may be waived or surrendered, in whole or in part, by the party to whom or for whose benefit it is given, if he does not thereby destroy the rights and benefits conferred upon or flowing to another in or from the statute or other legal or equitable source.

> "Assuming, for purpose of this opinion only, that the notice actually given by plaintiff was insufficient to meet and satisfy the requirements of the statute—did the surety, by virtue of its acts and conduct, waive strict compliance on the part of the plaintiff with the notice requirements of the statute, so as to preclude the surety from asserting its discharge?"

This is quoted in General Insurance Co. of America v. Smith and Waldroup, Inc., supra.

Appellant, through its agent, on June 2, 1963, again admitted receiving the notice, but that he doubted the sufficiency of the same. It appears that the appellant was notified of the claim by telephone conversation and by written notice. By its acts and conduct thereafter it is estopped to deny the sufficiency of the same. See cases above cited. 64 T.J.2d 327, Estoppel; 64 T.J.2d 958, Waiver; 22 T.J.2d 664–65, Secs. 4 and 5; 32 T.J.2d 408, Sec. 243; 60 T.J.2d 184, Sec. 3. The points are overruled.

Appellant's points 2, 3, 5, 6, and 7 complain about the evidence not showing an estoppel, or being insufficient to support the jury's findings. We have carefully examined the statement of facts, and find the evidence is sufficient. The points are overruled.

The judgment of the trial court is affirmed.