TEXARKANA CONSTRUCTION COMPANY, Appellant,

v.

ALPINE CONSTRUCTION SPECIALTIES, INC., Appellee.

No. 8122.

Court of Civil Appeals of Texas, Texarkana.

Dec. 27, 1972.

Rehearing Denied Jan. 30, 1973.

John D. Raffaelli, Raffaelli & Hawkins, Texarkana, for appellant.

Cahill Hitt, Hitt & Pesek, Texarkana, for appellee.

RAY, Justice.

Appellee (plaintiff), Alpine Construction Specialties, Inc., (Alpine), brought suit against appellant (defendant) Texarkana Construction Company, (Texarkana Construction), and East Texas Fabricated Steel Inc., (East Texas), for sums of money it claimed to be due from East Texas and Texarkana Construction for labor and materials furnished at the Atlanta High School in Cass County. Appellant, Texarkana Construction, was the prime contractor on the job and East Texas was a subcontractor, and Alpine a second-tier subcontractor. East Texas was to fabricate all steel for this particular job and Alpine was to erect the steel at the jobsite for East Texas. East Texas failed to appear or answer at the trial of the case and subsequently took bankruptcy. Based upon a jury verdict, the trial court entered judgment in favor of appellee, Alpine, against both East Texas and Texarkana Construction. Appellant Texarkana Construction timely filed its appeal and submits eleven points of error for this court's consideration.

The record discloses that Alpine was having difficulty erecting the steel furnished to it by East Texas because the materials were improperly fabricated. When the erection of the steel was not progressing satisfactorily, Bob Hardy of Texarkana Construction wrote to East Texas insisting that its performance on its contract be increased to a satisfactory rate. When East Texas did not comply, Hardy wrote East Texas the following message:

"The progress of the steel erection on this project is entirely unsatisfactory. You are hereby requested to get another crew on the job in order to make better progress. It is imperative that the gym steel be erected this week in order for us to have a place for our crew of masons."

When East Texas received the letter from Hardy, it wired Alpine to pull its men and equipment off the Atlanta High School job. Jack McCoy of Alpine immediately called Bob Hardy of Texarkana Construction by telephone. During the telephone conversation, McCoy learned from Bob Hardy that Texarkana Construction had not requested Alpine to leave the job, but wanted a second crew on the job

in order to speed up the work. McCoy also said that he made the call because East Texas had gotten behind with its payments for the "extras." McCoy testified that Hardy told him not to worry about the money, that if East Texas didn't pay Alpine, that Texarkana Construction would. Relying upon that conversation, Alpine went back on the job, but later left when East Texas put another erection crew on the job. Prior to this telephone call, Texarkana Construction had already issued a joint check to East Texas and Alpine when Alpine had previously expressed concern about getting paid.

Subsequently, Alpine tried to perfect its lien for labor and materials furnished, and gave notice to the Atlanta Independent School District under Article 5453, Tex. Rev.Civ.Stats., instead of giving notice to the prime contractor under Article 5160, Tex.Rev.Civ.Stats. Article 5453 applies to private contracts, while Article 5160 applies to public works contracts. Appellee failed to give Texarkana Construction and its surety the required notice under Article 5160, supra.

Appellee relies primarily upon promissory estoppel for its recovery. The oral promise made by appellant to appellee was stated in terms contemplated by the statute of frauds, Sec. 26.01 of the Texas Business & Commerce Code. Sec. 26.01(a), (b)(2), V.T.C.A. provides that a promise to answer for the debt, default, or miscarriage of another person is not enforcible unless the promise or agreement, or a memorandum of it, is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him. The statement alleged to have been made by Bob Hardy of appellant Texarkana Construction Company was as follows:

"Don't worry about it, Jack. If East Texas doesn't pay you, Texarkana Construction will pay you."

Appellee, Alpine, has relied upon the doctrine of promissory estoppel to take this oral promise out of the provisions of the statute of frauds.

■ In determining whether promissory estoppel applies, the Texas courts have concluded that at least the following questions must be answered in favor of the claimant:

1. Did the promisor agree or promise to be primarily responsible for the debt of the third party debtor?

2. Was the consideration for the promisor's making the promise to get some direct benefit for himself or to subserve some interest or purpose of his own, notwithstanding the effect was to pay or discharge the debt of another?

3. Did the promisee rely on the promise to his detriment?

4. The damage issue.

■ See Gulf Liquid Fertilizer Co. v. Titus, 163 Tex. 260, 354 S.W.2d 378, 383 (1962); Cooper Petroleum Company v. LaGloria Oil & Gas Company, 436 S.W.2d 889, 895 (Tex.Sup.1969); Haas Drilling Company, Inc., v. First National Bank in Dallas, 456 S.W.2d 886, 889 (Tex.Sup. 1970).

In the instant case, the jury found:

(1) That the promise was made by appellant to pay appellee if East Texas failed to pay.

(2) That appellee believed appellant promisor.

(3) That appellee relied upon the promise of appellant.

(4) Damages in the total sum of $9,278.-53.

In Cooper Petroleum Co. v. LaGloria Oil & Gas Company, supra, the Supreme Court stated:

"In applying the main purpose doctrine then, we must look to the consideration

that was received for the purpose and determine: (1) whether the promisor obtained, as part of that consideration, a benefit accruing directly to him personally; and (2) if so, whether the obtaining of that benefit was his main purpose for making the promise."

The Court further concluded that the "main purpose doctrine," also called the "leading object rule," was devised by the courts as a means of excluding from the operation of the statute of frauds cases which do not fall within its purpose and spirit.

We conclude that the evidence offered by appellee Alpine was sufficient to sustain the jury verdict and the judgment entered by the trial court. There was testimony that appellant made the promise; that the purpose in making the promise was to get appellee to continue on the job and speed up the work because appellant was facing a deadline for a certain phase of the work, and because the masons would be delayed in getting to their work if the steel was not erected promptly. There can be no doubt that the main purpose for appellant's promising to pay appellee was to reap a direct benefit for itself. If the job were not speeded up, it was going to cost appellant money in delays. If appellee stayed on the job and sped up the erection of the steel, appellant could meet its schedule and not have other artisans idle while waiting for the remainder of the steel to be erected. Appellant had no interest in guaranteeing the obligations of East Texas beyond the benefit which appellant expected to gain directly for itself.

The jury found that appellee relied upon appellant's promise and awarded appellee damages.

We hold that appellant was estopped to deny the claim of appellee.

We further conclude that appellant waived strict compliance with Article 5160, supra. The fact situation in this case is almost identical to that found in Trinity

Universal Insurance Co. v. McLendon, 390 S.W.2d 399 (Tex.Civ.App. Texarkana 1965, writ ref'd. n. r. e.). There the subcontractor placed a long distance telephone call to the prime contractor's bonding company and advised the bonding company that he had not been paid. The bonding company agent told the subcontractor not to worry about the balance that was due under the contract, but for him to send the bonding company the information concerning his bill and that the company would see that the bill was paid. Subsequently, the bonding company denied liability because the subcontractor had not complied with the statutory requirements of Article 5160. Almost identical special issues were submitted to the jury and found in favor of the subcontractor as they were in the instant case. This court. in reviewing the judgment of the trial court awarding the subcontractor payment for his labor and materials, concluded that the bonding company for the prime contractor had waived the notice requirements under Article 5160. In the *Trinity Universal* case, the subcontractor mailed his bill to the bonding company pursuant to the bonding company's request. In the instant case, Alpine telephoned and mailed notice of its estimated claim pursuant to appellant's request.

■ In answer to Special Issue No. 4, the jury found that Jack McCoy failed to timely take action to perfect the lien of Alpine Construction Specialties, Inc., against Texarkana Construction Company because he believed and relied on the statements of Bob Hardy. We think that the acts and conduct on the part of appellant justified the jury's conclusion and the verdict that appellant had waived strict compliance with the notice requirements of Article 5160, supra, because it lulled appellee into believing that it was going to get paid pursuant to the promise made by Bob Hardy on behalf of Texarkana Construction. We conclude that the evidence was sufficient to support the jury's finding of waiver and the trial court's judgment in favor of appellee. See United Benefit Fire Insurance

Co. v. Metropolitan Plumbing Company, 363 S.W.2d 843 (Tex.Civ.App. El Paso 1962, no writ); General Insurance Company of America v. Smith and Wardroup, Inc., 388 S.W.2d 262 (Tex.Civ.App. Amarillo 1965, writ ref'd, n. r. e.); Tex-Craft Builders Inc., v. Allied Constructors of Houston, Inc., 465 S.W.2d 786, 793 (Tex. Civ.App. Tyler 1971, writ ref'd, n. r. e.).

Appellant's points of error are overruled. The judgment of the trial court is affirmed.