**GULF OIL CORPORATION, Appellant,**

v.

**AUSTIN CONTRACTING COMPANY et al.,**
**Appellees.**

No. 3461.

Court of Civil Appeals of Texas.

Eastland.

July 10, 1959.

Rehearing Denied Sept. 4, 1959.

Gene F. Presley, William F. Erwin, Jr., Houston, Leachman, Gardere, Akin & Porter, Dallas, for appellant.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellees.

WALTER, Justice.

Gulf Oil Corporation filed suit against J. H. Edwards, Austin Contracting Company and the Superior Insurance Company. Gulf's suit against Edwards was for $13,060.66, alleged to be due for petroleum products sold to him by Gulf and used in his work as a subcontractor on a road job in Titus County. Austin Contracting Company was the general contractor and Superior Insurance Company was its surety. After Edwards was adjudged a bankrupt, he was dismissed from the suit. Austin and Superior filed motions for summary judgment asserting Gulf's alleged cause of action was barred by the statute of limitations of one year provided for by Article 5162, Vernon's Ann.Civ.St., and that no account which complies with the requirements of the mechanic's lien statute was filed in the County Clerk's office of Titus County as required by Article 5160, V.A.C.S. The court sustained said motions for summary judgment and Gulf has ap-

pealed from the judgment rendered asserting:

"Points Upon Which This Appeal Will Be Predicated

"1.

"This suit was filed within one year after performance and 'final settlement' of the contract and is not barred by the one-year Statute of Limitation.

"2.

"A material question of fact is presented by the record as to what constitutes a 'final settlement' and, therefore, a summary judgment was not proper.

"3.

"It was not necessary for appellant to give any notice of its claim to the State of Texas in order for it to recover against the general contractor and its surety.

"4.

"Appellant's cause of action against the general contractor and its surety is not dependent on whether the appellant's claim filed with the County Clerk of Titus County, Texas, recites that the State of Texas was notified in writing thereof."

■ With the possible exception of number 2, the appellant's points are mere abstract propositions and do not direct our attention to any error of the trial court relied upon for a reversal. However, appellee has made no complaint about the insufficiency of the points, therefore we will consider them.

■ Appellant's point that its suit was filed within one year after performance and final settlement is without merit. Austin had a contract with the State to do some road work in Titus County, designated as S–49 (3) FM Highway 71, Titus County. Austin subcontracted some of this work to N. B. Marr, who in turn subcontracted some of the work to Edwards. Austin, as general contractor, posted its statutory bond as required by Article 5160, V.A.C.S., with Superior as its surety. Austin completed this project and it was accepted by the State on December 4, 1956.

Harvey E. Deen testified by deposition that he, in his official capacity for the Highway Department, finally determined for said Highway Department the amount remaining due and owing to Austin for the completion of the contract on the identified project and this was evidenced by his signing a voucher with an affidavit attached thereto dated January 16, 1957. After he had testified by deposition as above set forth, Gulf secured Mr. Deen's affidavit wherein he reiterates the same testimony set forth above but adds an explanation and says: "While it was my official duty as Engineer of Aid Projects for the Texas Highway Department to make the final determination of the amount due and owing by the State of Texas to Austin Contracting Company under the contract on Project S–49 (3), the law requires that vouchers covering payment therefor be drawn by the Chairman of the Highway Commission and approved by one other member thereof." Mr. R. J. Hank was delegated by the Highway Commission, pursuant to an appropriate statute, to act for them in this matter and the records show that Mr. Hank signed and approved the final voucher on January 17, 1957.

If the one year period of limitation begins to run on January 16, 1957, Gulf's cause of action is barred by limitation. If it begins to run on January 17, 1959, it is not barred. Article 5162 provides that such a cause of action shall be commenced within one year after the performance and "final settlement of said contract" and not later. The Commission of Appeals in the case of Austin Bros. Bridge Co. v. Love, 34 S.W.2d 574, 577, has held, "The 'final settlement' meant by the statute is the formal determination by the commissioners"

court, in cases involving a contract with a county, of the amount finally due by or to the county under the contract." The Commission of Appeals quotes from the Supreme Court of the United States in Illinois Surety Co. v. United States to Use of Peeler, 240 U.S. 214, 221, 36 S.Ct. 321, 324, 60 L.Ed. 609, wherein the Court held, "But it is apparent that the word 'settlement' in connection with public contracts and accounts, which are the subject of prescribed scrutiny for the purpose of ascertaining the rights and obligations of the United States, has a well-defined meaning as denoting the appropriate administrative determination with respect to the amount due. We think that the words 'final settlement' in the act of 1905 had reference to the time of this determination when, so far as the government was concerned, the amount which it was finally bound to pay or entitled to receive was fixed administratively by the proper authority."

The other major question involved in the appellees' motion for summary judgment was that the appellant wholly failed to file any claim with the County Clerk of Titus County required by Article 5160, which claim complied with the requirements of the Mechanic's Lien Statutes. The appellees' allegations asserted that the appellant had wholly failed to give the written notice of appellant's claim as required by said statutes to the owner, and that the appellant had failed to file any claim which verified or set forth facts that it ever notified the owner in writing of its claim. The appellees' contention is that before Gulf is entitled to recover on its claim, it must first show that it has given to the State of Texas written notice of the materials furnished Austin's subcontractor and it is appellees' further contention that in the affidavit filed by Gulf it should have inserted therein and sworn thereto that such notice was given to the Highway Department.

■ Appellant's contention before this court is that notwithstanding the fact that it has not strictly complied with the mechanic's lien statutes, it is nevertheless entitled to recover against the contractor and his surety on the bond as a common-law obligation. Chief Justice Hamilton of the Court of Civil Appeals at El Paso in United Tile Co., Inc., v. Kermit Ind. School Dist., Tex.Civ.App., 273 S.W.2d 434, 438, (R.N.R.E.), held: "It has repeatedly been held that where a bond is given in compliance with Art. 5160 that the furnishers of material and labor must comply with the requirements arising from such statute, even though the bond is broader than required by the statute, and even though it be a common-law obligation."

We have considered all of appellant's points and find no merit in them and they are accordingly overruled. The judgment of the trial court is affirmed.