Barbara BERNARD, Appellant,

v.

Richard T. BERNARD, Appellee.

No. 16009.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 18, 1973.

Lawrence, Thornton, Payne & Watson, Billy M. Payne, Bryan, for appellant.

Goode & Jones, Michael B. Calliham, College Station, for appellee.

BELL, Chief Justice.

Appeal from the reduction of child support payments due to changed circumstances from $350.00 to $200.00 per month.

Appellant and appellee were divorced by the District Court of Brazos County on November 13, 1968. The parties entered into a property settlement which contained, inter alia, a provision that the appellee would pay appellant $175.00 per month for each of their two children until they reached eighteen years of age. This agreement was incorporated by reference into the judgment and the court ordered the appellee to make the child support payments agreed upon. The appellee made payments of $350.00 per month from November 15, 1968 until November, 1970. In November and December 1970, appellee paid only $200.00 per month making a $300.00 deficit on the basis that it was all he could afford. In January, 1971, he began to pay the full amount and continued until December, 1971. From that time until the time of this suit in April, 1972, appellee paid only $200.00 a month, leaving a deficit of $1,050.00.

Appellant filed an application with the District Court on April 5, 1972, to have the

appellee held in contempt for being in arrears of $1,100.00. Appellee answered on April 11, 1972, by applying for a modification of the child support so as to reduce payments from $350.00 to $200.00 per month. Appellee alleged that he has since remarried and was fully supporting his present wife and a child born of that marriage as well as the two other children and that as a result his expenses exceed his income. He prayed the court to reduce the amount to $100.00 per month for each child. The appellant answered asserting that these reasons were not legally valid or sufficient.

A hearing was had with the court finding the appellee in contempt and ordering him to pay the $1,050.00 deficit and reducing the payments to $200.00 per month. The court also awarded $250.00 attorney fees to appellant. The appellant has perfected her appeal attacking only the modification and award of attorney fees.

Appellant asserts that the trial court abused its discretion in finding that a material change of conditions had occurred warranting a reduction in the payments. The trial court made the following findings which are supported in the evidence.

At the time of the hearing the appellee had remarried and now supports a wife, the two children of his prior marriage, two children of her previous marriage, and a child of his present marriage. After his remarriage, he purchased a new home for $33,000.00, made a down payment of $1,600.00 and signed promissory notes for the balance of the purchase price. The monthly payments on this home increased his monthly expenses in the amount of $123.00. The appellee's net income has increased from $900.00 per month at the time of the divorce to $1,100.00 at the time of the hearing. In addition, the appellee has no cash or stock and has approximately $6,000.00 in fixed debts. His present expenses, including the $350.00 and house payment, exceed his income by approximately $150.00 per month.

The court further found that the appellant still has the automobile and $3,500.00 worth of stock she received at the divorce. The appellant has remarried but does not have any additional children to support. She is employed and nets approximately $586.00 per month and her present husband nets about $800.00 per month, totaling about $1,400.00. The appellant's expenses are about $1,300.00 to $1,400.00 per month. Their income plus $200.00 per month from appellee exceeds their expenses by about $300.00 per month.

There being shown a change in conditions since the original fixing of child support, the reduction of support and the amount thereof are within the discretion of the trial court. This court may not disturb the trial court's action unless a clear abuse of discretion is shown. The court should keep in mind what is reasonably necessary to support the children. Further, the court may consider the ability of both parents to contribute to support. Both parents are under an obligation to help support their children. In determining whether there has been an abuse of discretion each case must stand on its own facts. Hobdy v. Lewis, 409 S.W.2d 428 (Tex.Civ.App.,—Ft. Worth), n. w. h.

In the case of Gully v. Gully, 111 Tex. 233, 231 S.W. 97, our Supreme Court stated the rule governing the father's duty of support thus:

"In determining the duty of the husband to supply necessaries to his children, before and after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life."

Appellant's position is that the changed conditions are of appellee's own

making and they are not to be considered in determining whether there should be a reduction in support.

Under the facts of this case, we are unable to agree. Appellee had a right to remarry. He now has a child of that marriage to support. His obligation to the child of the subsequent marriage is not secondary to his obligation to his children of the previous marriage. Reynolds v. Reynolds, 452 S.W.2d 950 (Tex.Civ.App.,—Dallas), n. w. h. It would seem the obligation to all of them is the same. He is under no legal obligation to support the two children of his wife's previous marriage and his support of them may not be considered in determining whether child support for his children should be reduced. There is no evidence as to any amount necessary to support such children and we are unable to say the court took their support into consideration. A home is reasonably necessary for appellee, his new wife and his child. We cannot say the home purchased is an extravagant one from its mere cost. No evidence shows it is beyond the reasonable needs of appellee and his family.

█ We also note there is no evidence showing the $200.00 child support is not presently sufficient to reasonably take care of the two children by his previous marriage.

In cases cited by appellant the Court of Civil Appeals held there had been no abuse of discretion in refusal to reduce child support. There are few facts recited in the opinions. We do not deem those cases controlling here.

█ There was no error in allowing evidence to be introduced concerning the earnings of the mother of the children and her present husband. Appellee in his

pleading for reduction did not allege any change in the circumstances of the children's mother. We feel that when the question of the welfare of the children arises in a proceeding to determine the amount of child support the strict rules of pleading do not apply and the court can hear all evidence concerning the circumstances of both the mother and the father that bear on the issue of the children's welfare. They are both obligated to aid in support. Article 4639a, Vernon's Ann. Tex.Civ.St., provides that in fixing child support the court shall inquire into the financial circumstances of the parents and their ability to contribute to support and make such order as is for the best interest of the child. The order fixing child support does not become final but the court retains jurisdiction to change same as the circumstances and justice may require. We are of the view that the case of Burson v. Montgomery, 386 S.W.2d 817 (Tex. Civ.App.—Houston, 1st), n. w. h., and the authorities there discussed support this view. While those were child custody cases, we think the same rule is applicable in support cases.

Appellant was allowed an attorney's fee of $250.00. She complains that the trial court erred in not allowing an attorney's fee for an appeal. We note that the trial court found a reasonable attorney's fee to be $250.00. It is not shown whether this is only for the trial court services or includes a fee for appeal.

█ The court may in its discretion allow a fee to the attorney for an appeal. It is not required to do so. Schwartz v. Jacob, 394 S.W.2d 15 (Tex.Civ.App.—Houston, 1st), ref., n. r. e.

Affirmed.