**David E. EDWARDS, Appellant,**

v.

**Stephen Olin HOLLEMAN, Appellee.**

**No. 01–90–00336–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1992.

Rehearing Denied Dec. 31, 1992.

Kenneth C. Kaye, League City, for appellant.

Norwood J. Ruiz, Elsie I. Milosevich, Galveston, for appellee.

Before DUGGAN, MIRABAL and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

Stephen Holleman, appellee, brought suit against Galveston Savings and Loan Association (Galveston S & L) and David E. Edwards, defendants in the trial below, for charging unreasonable trustee's fees, attorney's fees, and expenses under a deed of trust. The jury found that the trustee's fees and expenses of $18,061.31 were unreasonable and that a total of $3,000 would be reasonable. The jury further found that, by charging such trustee's fees, defendants breached their fiduciary duty to Holleman and that defendants intended to gain an additional advantage for Edwards or Galveston S & L. Based on these findings, the jury determined that Holleman was entitled to $10,000 in exemplary damages. The jury also found that Holleman was entitled to reasonable attorney's fees of $18,500 for legal services rendered in preparation and trial of the case.

The judgment recites that Holleman is awarded $20,061.31 from defendants and $18,500 for attorney's fees for services rendered through trial of the case. The amount of $20,061.31 reflects a deduction of the $3,000 found by the jury to be reasonable trustee's fees.

Edwards asserts five points of error on appeal. In points of error one through four, he maintains that the evidence adduced at trial was legally and factually insufficient to support the judgment regarding trustee's fees and expenses. In point of error five, Edwards asserts that the trial court erred in the wording of a jury question and in submitting the question about additional benefits in the disjunctive. Holleman brings two cross-points on appeal. Because Holleman's cross-point one may be determined as a matter of law, it is dispositive of the case; therefore, appellant's points of error need not be addressed. *Donwerth v. Preston II Chrysler–Dodge,* 775 S.W.2d 634, 639 (Tex.1989); *Hernandez v. City of Fort Worth,* 617 S.W.2d 923, 924 (Tex.1981); *Jackson v. Ewton,* 411 S.W.2d 715, 717 (Tex.1967); *Young v. Kilroy Oil Co.,* 673 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

### Summary of Facts

On November 30, 1984, Holleman and Richard Higgins purchased a house in Galveston by borrowing a portion of the purchase money from Galveston S & L. In connection with the purchase, Holleman and Higgins executed a promissory note and a deed of trust to secure the note.

In order to make improvements on the property, Holleman and Higgins executed a Builder's & Mechanic's Lien Note and Contract, which were assigned to Galveston S & L. In connection with the loan for im-

provements, Holleman and Higgins also signed a promissory note payable to the order of Galveston S & L. This note was secured by a second deed of trust on the property.

By warranty deed dated August 30, 1985, Higgins conveyed all of his right, title, and interest in the property to Holleman. Several months later, Holleman became delinquent on his note payments and Galveston S & L accelerated the notes. Edwards, trustee under the notes and president of Galveston S & L, instituted foreclosure proceedings.

Holleman found a buyer for the property and was prepared to close the sale on the day before the scheduled foreclosure sale. When Holleman sought a payoff figure from Galveston S & L, it submitted a figure that included trustee's fees, attorney's fees, and expenses. Holleman objected to paying any fees or expenses, but Galveston S & L refused to delete these items.

Holleman alleged that, because of Galveston S & L's refusal to reduce the fees and expenses, he was forced to go to persons who were to receive portions of the closing proceeds and persuade them to reduce the amounts they were to receive. The sale was then consummated.

### Trustee's Fees

In his first cross-point, Holleman contends that the trial court erred in failing to hold as a matter of law, as urged in "Plaintiffs' Motion to Deem Issues as Matters of Law" and in "Plaintiffs' Motion for Judgment Non Obstante Veredicto, Motion to Disregard Findings, or Alternatively, Motion for Judgment," that a trustee has no right to withhold trustee's fees, attorney fees, and expenses from the proceeds of the sale of property when the property is not sold at a trustee's sale, but is sold by the mortgagor prior to the foreclosure sale.

The record reveals that Galveston S & L, the holder of the notes, accelerated the loans after Holleman failed to make monthly payments. Through its attorney, James Schweitzer, Galveston S & L sent Holleman notice of default with a formal demand to pay the sums due by November 8, 1985.

The letter stated, "[i]f the past due installments, accrued interest, attorney's fees and expenses, are not paid on or before November 8, 1985, foreclosure proceedings, in accordance with the Deed of Trust, will be instituted."

Thereafter, Galveston S & L elected to foreclose under the power of sale clause contained in the deed of trust. On December 2, 1985, one day before the foreclosure sale was to take place, Holleman tendered the amount of the loan and, under protest, also paid attorney's fees, trustee's fees, and expenses in the amount of $18,061.31.

■ To determine whether the trustee is entitled to recover reasonable fees, this Court must look to the language set out in the note and the deed of trust. *Murchison v. Freeman*, 127 S.W.2d 369, 372 (Tex.Civ. App.—El Paso 1939, writ ref'd). The terms in the note and the deed of trust securing the note should be strictly construed to determine the rights of the parties. *Id.*

Here, the deeds of trust provide:

[i]f the breach is not cured on or before the date specified in the notice, then the Lender at Lender's option may declare all of the sums secured by this Deed of trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorney's fees.

The deeds further provide that in the event the Lender invokes the power of sale clause, then the "[t]rustee shall apply **the proceeds of the sale** to reasonable trustee's fees and attorney's fees and costs of title evidence, to all sums secured by the deeds of trust and any excess to the persons entitled thereto." (Emphasis added.) Under this provision, the trustee is entitled to fees only where there has been a foreclosure sale by the trustee. Here, the property was not sold at the foreclosure sale, but was sold by the mortgagor prior to the foreclosure sale. Thus, under this

deed of trust, the trustee is not entitled to receive any fees.

Appellant argues that at the time the loan payoff occurred, the trustee had done everything except conduct the foreclosure sale and sign the deed over to the successful bidder. Specifically, appellant contends that since the trustee had executed almost all of the trust, he was entitled to be paid for the work he had performed. To support this argument, appellant relies on *Littleton v. Kincaid*, 179 F.2d 848 (4th Cir. 1950). In the *Littleton* case, the debtor relied on a Virginia statute that provided a trustee could be compensated only when he sold the property. The court held that under Virginia case law, if a trust has been partially executed, the court may consider and determine the amount of compensation to pay the trustee for services rendered. Because the terms of the agreement control in the present case, *Littleton* does not apply.

Because the deed of trust provides for the trustee to be compensated only from the proceeds of the foreclosure sale, we hold that the trial court erred in failing to find as a matter of law that language in the deeds of trust precluded the trustee from collecting fees from proceeds of the notemaker's, Holleman's, earlier private sale. In accordance with this holding, we reform the judgment to award the full $23,061.31 to Holleman. TEX.R.APP.P. 80(b)(2). This amount includes $12,239.91 in trustee's fees, $821.40 in unreasonable expenses, and $10,000 in exemplary damages. Appellants will not be allowed to retain the $3,000 in reasonable trustee's fees, as determined by the jury.

Attorney's Fees under the Deeds of Trust

■ Holleman also contends that trial court erred in failing to hold that the recovery of attorney's fees and expenses was barred as a matter of law. Here, the deed of trust provides that the lender is entitled to recover reasonable attorney's fees and expenses incurred as the result of default in payment. Thus, the trial court did not err in failing to hold, as a matter of law, that the trustee was precluded from recovering attorney's fees and expenses. Holleman's cross-point one is sustained with regard to trustee's fees and is overruled in regard to attorney's fees.

Our review of the record demonstrates that some evidence of attorney's fees that were included in the amounts assessed Holleman by the trustee was adduced at trial. Appellant, however, failed to object to the jury questions that did not separate attorney's fees from trustee's costs. TEX. R.CIV.P. 278. The only jury finding that was favorable to appellant, that $3,000 would be a reasonable trustee's fee, does not support an award of attorney's fees. As such, appellant failed to preserve at trial, or bring forward on appeal, error in the submission of jury questions, if any. TEX.R.APP.P. 52(a). Thus, appellant's global complaints about trustee's fees on appeal do not support reversal of the judgment.

Holleman's Attorney's Fees on Appeal

■ In his second cross-point, Holleman contends that the trial court erred in failing to disregard the jury answers regarding attorney's fees on appeal. Holleman contends that such answers, e.g., that no attorney fees should be awarded on appeal, are against the great weight and preponderance of the evidence.

The jury, in response to question number 10, answered "zero" with regard to attorney fees for an appeal to the court of appeals, "zero" for application to the Texas Supreme Court for writ of error, and "zero" if that application were granted. The trial court refused to award any amount in its judgment for such attorney fees.

The trier of fact, in its discretion, may allow a fee to an attorney for an appeal, but is not required to do so. *Mid County Rental Serv., Inc. v. Miner–Dederick Const. Corp.*, 583 S.W.2d 428, 429 (Tex.Civ. App.—Beaumont 1979), *rev'd on other grounds*, 603 S.W.2d 193 (Tex.1980); *Bernard v. Bernard*, 491 S.W.2d 222, 225 (Tex. Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). The trial court did not err in

refusing to disregard the jury's answers to question number 10.

Holleman's second cross-point is overruled.

We affirm the judgment of the trial court, as reformed.

MIRABAL, J., dissenting.

MIRABAL, Justice, dissenting.

I dissent.

The promissory note provides, in relevant part, as follows:

7.E. Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for *all of its costs and expenses in enforcing this Note* to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

The Deed of Trust provides, in relevant part, as follows:

18. **Acceleration; Remedies**.... If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect *all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 18, including but not limited to, reasonable attorney's fees.* (Paragraph continues with explanation of trustee sale procedures).

In my opinion, these provisions in the note and deed of trust authorize the lender to collect *all* reasonable costs and expenses incurred as a result of default. If the trustee took action as authorized by the deed of trust, and as a result the lender incurred costs, these paragraphs clearly and unambiguously allow the lender to collect those costs from the debtor, without regard to whether a foreclosure sale took place.

The evidence is uncontroverted that the trustee under the deed of trust instituted foreclosure proceedings at the request of Galveston S & L. By the time Holleman paid off the note, on the day before the scheduled foreclosure sale, the trustee had done everything except conduct the sale. It was the mortgage company, Galveston S & L, that demanded payment of the trustee's fee as part of its loan payoff figure; the trustee, personally, did not make the demand for payment from Holleman.

In my opinion, the trial court correctly ruled that, under the note and deed of trust, trustee's fees may be payable by the debtor, even though the foreclosure sale did not take place. The trial court was correct in submitting to the jury, questions about the *reasonableness* of the trustee's fee.

I would overrule Holleman's cross-point one, and would address the other points of error before us on this appeal.