David E. **EDWARDS**, Appellant,

v.

Stephen Olin **HOLLEMAN**, Appellee.

No. 01–90–00336–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 1995.

Rehearing Overruled Feb. 9, 1995.

Kenneth C. Kaye, League City, Chris Cahill, George W. Vie, III, Galveston, for appellant.

Norwood J. Ruiz, Elsie I. Miosevich, Galveston, for appellee.

Before DUGGAN *, MIRABAL and
O'CONNOR, JJ.

## OPINION ON REMAND FROM THE TEXAS SUPREME COURT

DUGGAN, Justice.

Appellee, Stephen Olin Holleman, brought suit against defendants, Galveston Savings and Loan Association (Galveston S & L) and appellant, David E. Edwards, for charging unreasonable trustee's fees, attorney's fees, and expenses under a deed of trust. The Texas Supreme Court reversed our judgment that the trustee could not collect fees and expenses without a foreclosure sale and remanded the case for consideration of Edwards' five points of error, which challenge the propriety of jury question number eight and the legal sufficiency of the evidence to support the jury's findings concerning trustee's fees and expenses. We affirm.

### Summary of Facts

On November 30, 1984, Holleman and Richard Higgins purchased a house in Galveston by borrowing a portion of the purchase money from Galveston S & L. In connection with the purchase, Holleman and Higgins executed a promissory note and a deed of trust to secure the note.

To make improvements on the property, Holleman and Higgins executed a builder's and mechanic's lien note and contract, which were assigned to Galveston S & L. In connection with the improvements loan, Holleman and Higgins also signed a promissory note payable to Galveston S & L. This note was secured by a second deed of trust on the property.

Higgins later conveyed all of his right, title, and interest in the property to Holleman. Subsequently, Holleman became delinquent on his note payments, and Galveston S & L accelerated the notes. Edwards, trustee under the notes and president of Galveston S & L, instituted foreclosure proceedings.

Holleman found a buyer for the property and was prepared to close on the day before the scheduled foreclosure sale. When Holleman sought a payoff figure from Galveston S & L, it submitted a figure that included trustee's fees, attorney's fees, and expenses. Holleman paid the amount under protest and then sued Edwards and Galveston S & L.

The jury found that the trustee's fees and expenses of $18,061.31 were unreasonable and that a total of $3,000 would be reasonable trustee's fee. The jury further found that, by charging such trustee's fees, defendants breached their fiduciary duty to Holleman and that defendants intended to gain an additional advantage for Edwards or Galveston S & L. Based on these findings, the jury determined that Holleman was entitled to $10,000 in exemplary damages. The jury also found that Holleman was entitled to reasonable attorney's fees of $18,500 for legal services rendered in preparation and trial of the case.

Galveston S & L was declared insolvent after the judgment, and only Edwards appealed. Holleman asserted two cross-points.

On original submission, we sustained Holleman's first cross-point and held that provisions of the note and deed of trust did not permit Edwards to collect trustee's fees and expenses because there was no foreclosure sale. *Edwards v. Holleman*, 842 S.W.2d 704, 707 (Tex.App.—Houston [1st Dist.] 1992). The Texas Supreme Court reversed our judgment and remanded the case for consideration of Edwards' points of error not previously addressed. *Edwards v. Holleman*, 862 S.W.2d 580, 581 (Tex.1993) (not addressing Holleman's second cross-point).

Edwards asserts five points of error on appeal. In points of error one through four, Edwards maintains the evidence adduced at trial was legally insufficient to support the judgment regarding trustee's fees and expenses. In point of error five, he asserts the trial court erred in submitting jury question number eight because it contained an improper word and was phrased in the disjunctive. Edwards does not attack the award of attorney's fees.

---

* Justice Duggan, who retired on December 31, 1994, continues to sit by assignment for the disposition of this case, which was submitted prior to that date.

### No Evidence Points of Error

#### 1. Standard of Review

█ In his first four points of error, Edwards challenges the legal sufficiency of the evidence supporting the jury's findings. We note that Edwards filed a motion for judgment notwithstanding the verdict, thus preserving his "no evidence" points of error for appeal. *Steves Sash & Door Co. v. Ceco Corp.,* 751 S.W.2d 473, 477 (Tex.1988).

█ "No evidence" points of error can be sustained only if the record shows one of the following:

(a) a complete absence of evidence of a vital fact; (b) the court is barred from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact.

*Holland Mortgage & Inv. Corp. v. Bone,* 751 S.W.2d 515, 520 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). In considering "no evidence" points of error, we consider only the evidence and inferences that tend to support the jury's findings and disregard all evidence and inferences to the contrary. *Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex. 1992).

#### 2. Trustee's Fees and Expenses

Edwards' first and second points of error allege the trial court erred in rendering judgment on the jury verdict because there was no evidence to support the jury's findings about reasonable trustee's fees and expenses. We will discuss the trustee's fees and expenses separately.

##### a. Trustee's Fees

█ The jury found that the trustee's fees were unreasonable and further found that $3,000 would be a reasonable fee.

Excluding evidence of attorney's fees and trustee's expenses, the record shows that Edwards calculated his trustee's fee of $12,036 by charging 10 percent against the unpaid balance of the purchase money note ($87,518.27) and the home improvement note ($32,849.54). However, neither note provided for a 10 percent trustee's fee. The deed of trust for the purchase money note provided for a "reasonable trustee's fee," and the home improvement note provided for a five percent trustee's fee as a "commission" if the property was sold at foreclosure.

The record also shows that Edwards was not a third party trustee; rather, he was the president of the bank that loaned the money. He was not paid a "trustee's fee" by Galveston S & L. Much of what he did in connection with the two loans he would have done as president of the bank, even if he was not the trustee.

Edwards testified he took the following actions "as trustee" under the deeds of trust on the two loans: (1) he reviewed the relevant documents, including the notes and deeds of trust, payment records, appraisal, insurance, tax records, and title report; and (2) he inspected the property, checked on the status of utility service, and verified the posting of the trustee's sale. Edwards testified that he did not keep records of his time spent as trustee; the amount of time spent was not a consideration. The attorney for the bank said 10 percent was a reasonable fee to charge but did not discuss time spent.

We find more than a scintilla of evidence to support the jury's conclusion that the trustee's fee of $12,036 was unreasonable. Additionally, there is more than a scintilla of evidence to support the jury's finding that, under all the circumstances, a reasonable trustee's fee would be $3,000.

█ A jury's role in awarding reasonable trustee's fees is similar to its role in awarding attorney's fees. In general, opinion evidence as to attorney's fees is not conclusive. *Gulf Paving Co. v. Lofstedt,* 144 Tex. 17, 188 S.W.2d 155, 161 (1945). It is the province of the jury to weigh the testimony of the attorneys regarding the value of the services by reference to the nature of the services, the time occupied in their performance, and other attending circumstances, and by applying to the evidence the jury's own experience and knowledge of the character of such services. *Id.*

■ Similarly, in the present case, it was the jury's province to weigh the testimony regarding the value of Edwards' services as trustee (apart from his services as bank president), by reference to the tasks he performed, the amount of time spent, and other attending circumstances (e.g., none of the loan documents provided for a 10 percent fee).[1] Thus, we find legally sufficient evidence to support the jury's finding that $3,000 would be a reasonable trustee's fee.

#### b. Trustee's Expenses

■ In his first two points of error, Edwards also asserts that no evidence supports the jury's findings that no trustee's expenses would be reasonable and that the charged expenses were unreasonable.

Excluding evidence of attorney's fees and trustee's fees, the record shows that Holleman was charged $1,021.40 in expenses. At trial, Galveston S & L had difficulty explaining how it arrived at this figure, and $200 was not justified at all. The balance of $821.40 represented charges for a lawsuit arising from three loans that were not the subject of the trustee's actions in the present case.[2]

We find more than a scintilla of evidence to support the jury's conclusion that $1,021.40 for the trustee's expenses was unreasonable and that there were no reasonable trustee's expenses.

#### c. Fees and Expenses Summarized

The point of error before us is a "no evidence" point; we are not asked to determine whether the jury findings are against the great weight and preponderance of the evidence. We therefore conclude there was legally sufficient evidence to support the jury's findings that: (1) the $12,036 trustee's fee was unreasonable; (2) a $3,000 trustee's fee would be reasonable; (3) $1,021.40 in trustee's expenses was unreasonable; and (4) no trustee's expenses were reasonable.

We overrule Edwards' first two points of error.

#### 3. Breach of Fiduciary Duty

■ In his third and fourth points of error, Edwards claims the trial court erred in rendering judgment on the jury's verdict because there was no evidence to support the jury's finding that Edwards breached his fiduciary duty in charging *a fee* or that, by charging *a fee*, Edwards intended to gain an additional benefit for himself or Galveston S & L.[3]

The jury's findings are predicated on its answer to question number one about the reasonableness of the trustee's fee. Thus, the jury found that Edwards breached his fiduciary duty by seeking an additional benefit in charging an *unreasonable fee*, not in charging *a fee*.

In addition to the evidence discussed above regarding the reasonableness of the trustee's fee, the record shows that Edwards knew he was required to treat all parties fairly and impartially. Although he denied any unfairness towards Holleman, he admitted that his attitude was tainted because of the "chaos" Holleman caused at Galveston S & L. Edwards also testified that his actions as trustee were the same actions he would have taken as bank president. He then noted that Galveston S & L would enjoy an economic advantage if it could obtain Holleman's property through foreclosure.

We find more than a scintilla of evidence to support the jury's finding that charging an unreasonable fee was a breach of Edwards' fiduciary duty and that Edwards intended to

---

1. Under the home improvement note, the trustee was entitled to a fee of five percent if the property was sold at foreclosure. Because the property was *not* sold at foreclosure, the jury could have reasonably concluded that the trustee's fee should be less than five percent of the loan balance. The jury awarded one-half of that figure; i.e., 2.5 percent of the total loan balances.

2. The charges included: writ of attachment bond, $250; meals and entertainment for the bank's staff on days of court proceedings in a lis pendens, $88.82; salary of two bank employees who appeared in court, $444.58 (the employees were *not paid extra* above their normal salary); release of lis pendens, $38.

3. In his fifth point of error, Edwards claims that any intention to claim an "additional" benefit is irrelevant.

seek an additional benefit for himself or Galveston S & L.

We overrule Edwards' third and fourth points of error.

### Propriety of Jury Question Number Eight

■ In his fifth and final point of error, Edwards maintains the trial court erred in submitting jury question number eight, which dealt with additional benefits, because it was phrased in the disjunctive and should have used the word "improper" rather than the word "additional."

■ To determine whether an alleged error in the jury charge is reversible, we must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. *Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986). Error will be deemed reversible only if, when viewed in the totality of circumstances, it amounted to such a denial of the rights of the complaining party that it was reasonably calculated and probably did cause the rendition of an improper judgment. *Id.;* TEX.R.APP.P. 81(b)(1).

> Question number eight asks:
> Do you find from the preponderance of the evidence that Defendant, David E. Edwards, by charging the Trustee's fee, intended to gain an *additional benefit* for himself *or* Defendant, Galveston Savings & Loan Association?

(Emphasis added.) If the jury answered this question affirmatively, it was directed to answer the next question concerning the amount, if any, to be awarded in exemplary damages. The jury answered question eight affirmatively and awarded $10,000 in exemplary damages in response to question nine.

■ Edwards argues that the trial court should have phrased question eight to ask about an *improper* benefit rather than an *additional* benefit. The issue concerning exemplary damages for breach of fiduciary duty is not whether there is an intent to injure, but rather whether the one with a fiduciary duty intended to gain an *additional* benefit for himself. *Cheek v. Humphreys,* 800 S.W.2d 596, 599 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Kirby v. Cruce,* 688 S.W.2d 161, 167 (Tex.App.—Dal-

las 1985, writ ref'd n.r.e.). We cannot say the trial court erred in choosing the word "additional" rather than the word "improper."

■ Edwards also argues that the trial court erred in phrasing question eight in the disjunctive, that is, by asking whether he intended to gain an additional benefit for himself *or* Galveston S & L. Edwards contends that the answer is ambiguous because the jury could have meant that Edwards intended an improper benefit and Galveston S & L did not so intend, or vice versa. Thus, there is no basis for a joint and several judgment against both defendants.

■ A judgment based on a jury question that creates an ambiguous answer concerning liability may be reversible. *See, e.g., J & C Drilling Co. v. Salaiz,* 866 S.W.2d 632, 641 (Tex.App.—San Antonio 1993, no writ). However, such is not the case here. Question number eight is not ambiguous as to liability: it asks whether Edwards, not Galveston S & L, intended to gain an additional benefit. The disjunctive phrase simply clarifies to whom the additional benefit was intended, either Edwards personally or his bank, Galveston S & L. Therefore, we cannot say the trial court erred in submitting question eight in the disjunctive.

We overrule Edwards' fifth and final point of error.

### Holleman's Two Cross–Points

As stated earlier, the Texas Supreme Court reversed our judgment sustaining Holleman's first cross-point, and remanded the case for our consideration of Edwards' points of error, which we have done. Our earlier judgment overruled Holleman's second point of error, challenging the jury's discretion to award attorney fees on appeal, and the supreme court did not reverse that ruling. *Edwards,* 842 S.W.2d at 707.

### Summary

We overrule Edwards' points of error and affirm the trial court's judgment.