David E. EDWARDS

v.

Stephen Olin HOLLEMAN.

No. D–3387.

Supreme Court of Texas.

June 16, 1993.

Rehearing Overruled Oct. 27, 1993.

George W. Vie, III and Chris Cahill, Galveston, for petitioner.

Norwood Ruiz, Galveston, for respondent.

PER CURIAM.

The issue we address in this case is whether provisions of a note and deed of trust require the borrower to pay the reasonable fees and expenses of a trustee incurred by the lender in enforcing payment of the note if the deed of trust lien is not foreclosed. A divided court of appeals held that the lender was not entitled to recover such fees and expenses. 842 S.W.2d 704. We disagree.

Stephen Olin Holleman defaulted on his obligation to repay a promissory note secured by a deed of trust on his home, and the lender, Galveston Savings and Loan Association, gave notice of its intent to foreclose its lien. Before the forced sale occurred, however, Holleman found a buyer for the property and asked Galveston Savings to ascertain the sum necessary to discharge his obligation. Galveston Savings responded with a figure which included the attorney fees, trustee fees and expenses incurred in enforcing Holleman's obligation, a total of $18,061.31. Holleman paid this amount under protest and then sued Galveston Savings and its former president, David E. Edwards. The jury found that the trustee's reasonable fees and expenses were less than what Galveston Savings had charged, and that $10,000 punitive damages should be assessed against defendants for breaching their fiduciary duty to Holleman by charging an excessive amount. The trial court rendered judgment on the verdict for Holleman for the amount of the overcharge found by the jury plus punitive damages, attorney fees, interest and costs. After judgment, Galveston Savings was declared insolvent, and only Edwards appealed.

The court of appeals held that Holleman was liable for Galveston Savings' attorney fees incurred in enforcing payment, but not the trustee fees and expenses. The court based its decision on paragraph 18 of the deed of trust, which provides in part:

18. Acceleration; Remedies.... If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by

applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorney's fees.

\* \* \* \* \* \*

Trustee shall apply the proceeds of the sale ... to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's fees and attorney's fees....

The court reasoned that because the deed of trust authorizes payment of trustee fees and expenses out of the proceeds of a foreclosure sale, payment is not authorized if no foreclosure occurs. This conclusion, however, does not follow logically from the premise, and in addition, is contrary to paragraph 19 of the deed of trust, which states in part:

> Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust, Borrower shall have the right to have any proceedings begun by the Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur [five days before the sale or entry of judgment enforcing the Deed of Trust] if Borrower [pays all sums owed, cures all breaches and] pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust and in enforcing Lender's and Trustee's remedies as provided in paragraph 18 hereof including but not limited to reasonable attorney fees....

The "reasonable expenses incurred by Lender and Trustee in enforcing" the borrower's obligation include the trustee's fees and expenses which the jury found to be reasonable. Holleman argues that paragraph 19 is inapplicable because he asked not to reinstate the loan but to pay it off. In effect, however, Holleman sought a discontinuation of foreclosure proceedings, to which paragraph 19 expressly applies.

Moreover, the promissory note Holleman signed allows Galveston Savings to recover "all of its costs and expenses in enforcing this Note." The note and the deed of trust are to be read together. *Braniff Inv. Co. v. Robertson,* 124 Tex. 524, 81 S.W.2d 45, 50–51 (Tex. Comm'n App.1935, opinion adopted). Thus, the note also authorizes recovery of trustee's fees and expenses.

We therefore conclude that the court of appeals erred in holding that Galveston Savings was not entitled to charge Holleman reasonable trustee's fees and expenses. Edwards raised other points of error in the court of appeals which that court failed to address. Accordingly, without hearing oral argument, the Court reverses the judgment of the court of appeals and remands the case to that court for consideration of points of error not previously addressed. TEX. R.APP.P. 170.