David E. EDWARDS, Appellant,

v.

Kenneth C. KAYE, Appellee.

No. 14–98–00725–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 18, 1999.

Rehearing Overruled Jan. 13, 2000.

George W. Vie, III, Galveston, for appellants.

Sam W. Cruse, Jr., Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON, and WITTIG.

## OPINION

DON WITTIG, Justice.

This is an appeal from an order granting summary judgment on a professional legal liability claim. The trial court entered judgment favoring attorney Kenneth C. Kaye. Under the pleadings, the trial court found one or more of three possible grounds for the defendant: (1) the statute of limitations was not tolled and barred David E. Edwards's claim for attorney malpractice; (2) the discovery rule was inapplicable to Edward's claim; or (3) appellant failed to use due diligence in procuring service of process. Edwards asserts three issues on appeal. We reverse and remand.

## I. Background

Kenneth C. Kaye, an attorney, represented David E. Edwards, president of Galveston Savings & Loan Association and trustee under a Deed of Trust, and Galveston Savings & Loan Association (the Association). Edwards and the Association were found jointly and severally liable for actual and punitive damages as well as attorney's fees in the underlying case. Edwards claims Kaye told him a supersedeas bond was unnecessary; the judgment creditor would not proceed with garnishment or execution. This proved untrue. After judgment, the Association was declared insolvent and Edwards became the only party prosecuting the appeal and the only party with funds to pay the judgment if his appeal failed.

Kaye continued to represent Edwards on appeal from the adverse judgment, filing post-judgment motions and a brief and arguing Edwards' appeal. The relationship between Kaye and Edwards deteriorated during the appeal process with Kaye threatening to sue Edwards for his legal fees. Kaye eventually hired his own counsel and authorized a suit against Edwards if the legal fees were not received within a specified time. In the interim, Kaye still represented Edwards. Kaye explained to Edwards the need for him to retain a new attorney "once the Court of Appeals has acted."

On July 23, 1992, the First Court of Appeals issued a judgment adverse to Edwards. *See Edwards v. Holleman,* 842 S.W.2d 704 (Tex.App.—Houston [1 st Dist.] 1992), *rev'd,* 862 S.W.2d 580 (Tex.1993). Kaye's representation of Edwards ended on August 20, 1992. Edwards continued his appeal however, with new counsel. The Texas Supreme Court reversed and remanded the case back to the First Court of Appeals. *See Edwards v. Holleman,* 862 S.W.2d 580 (Tex.1993). The First Court of Appeals issued a new opinion and the writ for that appeal was denied on August 1, 1995, finalizing the appellate process. *See Edwards v. Holleman,* 893 S.W.2d 115 (Tex.App.—Houston [1 st Dist.] 1995, writ denied).

Subsequently, Edwards filed an attorney malpractice claim against Kaye on July 31, 1997, within two years of the finalization of Edwards appeal. Kaye responded with and filed a motion for summary judgment. Kaye asserted the discovery rule was inapplicable and that Edwards' claim was not tolled by the statute of limitations. Alternatively, Kaye argued that even if Edwards claim was tolled by the statute of limitations, then Edwards' failure to effectuate service until 84 days after suit was filed barred his appeal. The trial court granted Kaye's motion for summary judgment and Edwards perfected this appeal.

## II. Standard of Review

 The standard we follow when reviewing a summary judgment is well established. Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c). When the summary judgment is based on an affirmative defense such as limitations, the movant must conclusively establish the limitations period expired before the suit was filed. *See Friendswood Dev. Co. v.*

*McDade & Co.,* 926 S.W.2d 280, 282 (Tex. 1996). In deciding whether the movant met this burden, we treat proof favorable to the nonmovant as true and indulge all reasonable inferences in the nonmovant's favor. *Id.*

## III. Analysis

Edwards asserts the trial court erred in granting Kaye's motion for summary judgment. Specifically, Edwards contends the statute of limitations on his claim was tolled, Kaye's summary judgment proof did not negate the discovery rule, and Kaye's summary judgment proof did not establish that he failed to use due diligence in procuring the issuance of service. Because the trial court, as is the custom, did not specify the basis for granting the summary judgment, Edwards must establish that none of the grounds for Kaye's motion for summary judgment support the trial court's action. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex. 1996). We will address each ground in turn.

## A. Statute of Limitations

 Edwards contends the statute of limitations on his attorney malpractice claim was tolled until August 1, 1995, when his appeal was finalized. Edwards relies on *Hughes v. Mahaney & Higgins,* 821 S.W.2d 154 (Tex.1991). In *Hughes,* the court recognized that filing a claim of malpractice against one's attorney before the appeals on the underlying claim are exhausted requires a party to take inconsistent positions, asserting a valid claim in one case and asserting his attorney's representation resulted in an invalid claim in another case.[1] *Id.* at 157. Therefore, the Supreme Court thru Justice John Cornyn, concluded "[w]hen an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice

---

**1.** To be successful on an attorney malpractice claim, one must establish that the claimant would have prevailed on the underlying claim but for the attorney's malpractice. *See Millhouse v. Wiesenthal,* 775 S.W.2d 626, 627 (Tex.1989).

claim is tolled until all appeals on the underlying claim are exhausted." *Id.* The court reasoned, "Limitations are tolled for the second cause of action because the viability of the second cause of action depends on the outcome of the first." *Id.* Essentially, the *Hughes* tolling test is three pronged: (1) an attorney malpractice claim (2) arising out of litigation (3) that would cause a party to assert inconsistent positions. *Id.*

In response to Edwards' reliance on *Hughes,* Kaye argues the holding of *Murphy v. Campbell,* 964 S.W.2d 265 (Tex. 1997). *Murphy* involved an accountant malpractice claim, not attorney malpractice. *Id.* at 267. In *Murphy,* a divided Supreme Court sought to limit *Hughes* by adding another prong to the test, notwithstanding the specific holding of *Hughes.*[2] *Murphy,* 964 S.W.2d at 272.

> ... *Hughes* does not hold that limitations are tolled whenever a litigant might be forced to take inconsistent positions. Such an exception to limitations would be far too broad. We expressly limited the rule in *Hughes* to attorney malpractice in the prosecution or defense of a claim that results in litigation. In such circumstances, to require the client to file a malpractice claim against the lawyer representing him in another case would necessarily make it virtually impossible for the lawyer to continue his representation. The client's only alternative would be to obtain other counsel. That consideration, coupled with the necessity of taking inconsistent positions, persuade us to adopt a tolling rule in *Hughes. We restricted it to the circumstances presented.*

*Id.* at 272 (emphasis added). Apparently, the *Murphy* court adds a fourth factor, requiring that the party be placed in a position that would force them to obtain new counsel, seemingly relying on the circumstances and facts in *Hughes.* *Id.*

The *Murphy* court, however, apparently failed to acknowledge the actual circumstances in *Hughes.* In *Hughes,* as in our case, the attorney *withdrew* as the Hugheses' attorney *over two years* before the Hugheses filed their attorney malpractice claim. *Hughes,* 821 S.W.2d at 156. Therefore, if we add the fourth prong that the *Murphy* court asserts was the basis of their holding in *Hughes* to the facts of *Hughes,* the Hugheses' claim itself would have been barred because the statute of limitations would have run prior to the filing of their attorney malpractice claim.

▆▆▆ The pertinent facts of our case and *Hughes* are indistinguishable. The difficulty therefore facing both this court, as well as the trial court, is the effect of the *Murphy* decision on the precedential value of *Hughes.* In other words, when a lower court is faced squarely with clearly applicable precedent, and a subsequent opinion by the same higher court attempts to modify by dicta its own precedent, which road are we or the trial court to take?

> ... [T]he doctrine of stare decisis governs only the determination of questions of law and its observance does not depend upon identity of parties. After a principle, rule or proposition of law has been squarely decided by the Supreme Court, ... the decision is accepted as a binding precedent by the same court or other courts of lower rank when the very point is again presented in a subsequent suit between different parties.

*Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex.1964). The binding effect of a prior decision cannot be determined without a close review of its important facts. *See Meyer v. Texas Nat'l Bank of Commerce of Houston,* 424 S.W.2d 417, 419 (Tex. 1968). Stare decisis only applies if the facts on which the prior case is founded are substantially the same as those in the

---

**2.** "[W]e hold that when an attorney commits malpractice in the prosecution or defense of a claim that results in litigation, the statute of limitations on the malpractice claim is tolled until all appeals on the underlying claim are exhausted." *Hughes,* 821 S.W.2d at 157.

subsequent suit. *See McKenzie Const. Co. v. City of San Antonio*, 50 S.W.2d 349, 353 (Tex.Civ.App.—San Antonio 1932, writ ref'd).

Patently, *Murphy* involved accountant malpractice, not legal malpractice. 964 S.W.2d at 267. Murphy failed to timely file his claim within two years of learning of his injury. Therefore, the issue was whether Murphy's claim accrued when he knew or should have known that he received faulty advice or when the IRS has issued an assessment of taxes. *Id.* at 271. Murphy relied on *Hughes* for the proposition that to assert his claim before the IRS assessed his tax would result in inconsistent positions. *Id.* at 272. The Supreme Court, however, distinguished *Hughes* finding it inapplicable to accountant malpractice claims. *Id.* Continuing, the court attempted to explain *Hughes* and the basis for its holding and added an additional requirement. *Id.*

■■■ Dictum is an observation or remark made concerning some rule, principle, or application of law suggested in a particular case, which observation or remark is not necessary to the determination of the case. *See* BLACK'S LAW DICTIONARY 409 5th ed. (1979). Dictum is not binding as precedent under stare decisis. *Lester v. First American Bank, Bryan Texas*, 866 S.W.2d 361, 363 (Tex.App.—Waco 1993, writ denied). We recognize there is an exception to the precedential value of dictum depending on how it is classified, obiter dictum or judicial dictum. *See Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex.1964). Judicial dictum, a statement by the supreme court made very deliberately after mature consideration and for future guidance in the conduct of litigation, is "at least persuasive and should be followed unless found to be erroneous." *Id.*

In *Murphy*, the Supreme Court was only required to hold that *Hughes* was inapplicable to accountant malpractice claims, based on the issue and facts there presented including the differentiated professional duties. Therefore, the court's explanation and addition to their *Hughes* holding, requiring a claimant to be placed in a position that would force him to fire his counsel and hire new, was, in our view, dictum. We will even assume this dictum was judicial dictum because it came from our highest court. However, as we have already shown, the *Murphy* court did not note that the Hughes' attorney had withdrawn from representation, and thus the Hugheses were not then forced into the position requiring them to obtain new counsel. *See Hughes*, 821 S.W.2d at 156. Because the *Murphy* court's modification of the *Hughes* test, if applied to the facts of *Hughes*, would result in an opposite result in *Hughes*, we find the dictum to be inapplicable and not binding on our facts. *But see Swift v. Seidler*, 988 S.W.2d 860, 861–62 (Tex.App.—San Antonio 1999, no pet. h.); *Norman v. Yzaguirre & Chapa*, 988 S.W.2d 460, 461–62 (Tex.App.—Corpus Christi 1999, no pet. h.); *Apex Towing Company v. Tolin* 997 S.W.2d 903 (Tex. App.—Beaumont 1999, no pet. h.).[3]

Following *Hughes*, we find the statute of limitations was facially tolled on Edwards' attorney malpractice claim until the exhaustion of his appeal, August 1, 1995. Therefore, Edwards' claim, filed on July 31, 1997, was, under the record presented, timely and not barred by the statute of limitations. We sustain Edwards' first issue.

## B. Discovery Rule

Edwards asserts that Kaye's summary judgment motion failed to negate the discovery rule. Because we find the statute of limitations was tolled resulting in a timely filing of Edwards's claim, this issue is moot for purposes of this summary judgment appeal.

---

**3.** We even reach the same result following *Murphy*, if indeed *Hughes* is restricted "to the circumstances presented." *See Murphy* at

272 The difficulty is with the rationale, not the facts, which are in our view identical to *Hughes*.

## C. Service

Finally, Edwards contends Kaye failed to establish as a matter of law that Edwards was not diligent in procuring service. When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercises diligence in effecting service. *See Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990). "To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service." *Id.* Certain facts may establish lack of due diligence as a matter of law. *See Li v. University of Texas Health Science Ctr.,* 984 S.W.2d 647, 652 (Tex.App.—Houston [14th Dist.] 1998, pet. denied). However, due diligence is generally a fact question raised by the validity of the plaintiff's excuse for failure to timely serve notice of process. *Id.*

Kaye's only proof that Edwards failed to use due diligence is a letter, dated October 23, 1997, which Edwards wrote to the court in response to a motion to dismiss.[4] The letter shows there was a twelve week interval between the time Edwards filed suit and the time he was notified no service issued. Attached to Edwards' response to Kaye's motion for summary judgment is an affidavit from his attorney indicating, inter alia, he was in trial in an out-of-town court from April 28, 1997 to September 3, 1997.[5] This caused him to be away from the office until the second week of September. Appellant claims he was unaware citation had not been issued until notified by the trial court. Upon receipt of the court's notice, appellant avers he promptly requested issuance of citation. Plaintiff's original petition properly indicates the name and address for the defendant to be served and is in the usual form needed to effectuate service. These factors provide some evidence raising a fact issue regarding whether Edwards' attorney used due diligence in procuring service as would be used by the ordinary prudent person under the same or similar circumstances. *See Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex.App.-Houston [1st Dist.] 1993, writ denied.) *See Broom v. MacMaster,* 992 S.W.2d 659, 665 (Tex. App.—Dallas 1999, no pet. h.) (finding purposefully waiting to procure service of citation for trial strategy is a failure to use due diligence).

We find Kaye's proof, the letter from Edwards' counsel to the court, the pleadings, coupled with the 84 day period, insufficient to establish a lack of due diligence as a matter of law. Even assuming Kaye had initially met his burden of proof, which he did not, we find the proof sufficient to raise a fact issue on the question of due diligence, based upon the record before us.

Because we find the statute of limitations to have been tolled and the existence of a fact issue in the record before us regarding Edwards' due diligence in procuring service of process, we reverse the judgment of the trial court.

---

4. Although appellee claims appellant did not initially request issuance of citation, the record before us does not support this contention. Accordingly, our decision in *Cooke v. Maxam,* 854 S.W.2d 136, 139 (Tex. App.-Houston [14th Dist.] 1993) is inapplicable. Similarly, appellee, does not seem to appreciate the distinction of the burden or proof in the trial context vis a vis the burden of proof in the summary judgment context under the senior Tex.R. Civ. P. 166a(c) because he seeks to shift the burden from the movant to the non-movant. The cost bill, for example, if authenticated and attached to movant's Motion for Summary Judgment, could effectively establish whether or not the plaintiff paid for service within the limitation period.

5. Edwards' attorney, besides being in trial, was also under a so called "protective order." We will not enter the debate of the effectiveness of one trial judge claiming exclusive control over a trial attorney to the exclusion of that attorney's responsibilities to other clients and other courts.