**Affirmed in Part, Reversed in Part, Remanded, and Majority, Concurring, and Concurring and Dissenting Opinions on Remand filed August 15, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-09-00118-CV

---

### WOLF HOLLOW I, L.P., Appellant

### V.

### EL PASO MARKETING, L.P. AND ENTERPRISE TEXAS PIPELINE, LLC, Appellees

---

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2006-70615**

---

## CONCURRING OPINION ON REMAND

I join Justice Christopher's opinion for the Court in full. I write separately to explain that if I were writing on a clean slate, I would affirm the trial court's fourth declaration rejecting Wolf Hollow's gas-quality claims. I agree with Justice Christopher, however, that the Texas Supreme Court's opinion requires reversal of that declaration.

When this case was last before this Court, we did not reach the issue whether Article XXI of the Supply Agreement allows Wolf Hollow to recover replacement-power damages from El Paso for delivering gas that allegedly failed to meet quality specifications. I would hold that the trial court correctly answered this question "no."

Article XXI defines when Wolf Hollow may purchase replacement gas or replacement power at El Paso's expense.[1] Section 21.1 provides that the triggering event for such damages is the failure to deliver "a Quantity of Gas in an amount equal to the Scheduled Delivery Quantity." The agreement defines a "Quantity of Gas" as "an amount of Gas expressed in MMBtus."[2]

Given this definition, damages under Article XXI flow from the failure to deliver a scheduled *quantity* of gas, not a particular *quality* of gas. The definition of quantity chosen by the parties does not address the amount of liquid hydrocarbons that may be in the gas stream—the issue about which Wolf Hollow complains. Of course, it is possible that a gas stream including significant amounts of liquid hydrocarbons might not contain enough MMBtus to meet the scheduled delivery quantity. But in the trial court, Wolf Hollow stated that it was not asserting any claim that it did not receive the scheduled number of MMBtus. *See* CR 336. Accordingly, I would hold that Article XXI does not allow Wolf Hollow to recover damages for the quality problems at issue.

---

[1] The supreme court has held that Article XXI is Wolf Hollow's sole avenue for recovering otherwise-waived consequential damages. *El Paso Mktg., L.P.*, 383 S.W.3d at 144–45.

[2] The details of how Section 21.1 works were not important to the issues addressed in this Court's original opinion and presented to the supreme court for review. Thus, the supreme court did not discuss the exact language quoted above. Instead, the court summarized section 21.1 as allowing purchases upon the failure to deliver "[gas as contractually required . . .]." *El Paso Mktg., L.P.*, 383 S.W.3d at 140 n.8.

2

I conclude that the supreme court's opinion forecloses my interpretation of Article XXI, however. In the wake of this Court's original opinion, the principal issues before the supreme court were: (1) whether Wolf Hollow could sue Enterprise for negligence in failing to deliver gas and delivering poor quality gas; and (2) whether Wolf Hollow's damages were consequential damages waived by its contract with El Paso.

On the first issue, the supreme court held that Wolf Hollow could not sue Enterprise for negligence because the duties Enterprise allegedly violated were imposed by contract. *El Paso Mktg., L.P.*, 383 S.W.3d at 143. Although Wolf Hollow later assigned the contract and could no longer sue on it, the court observed that no such suit was necessary because "Wolf Hollow . . . can look to El Paso . . . to answer for . . . poor quality gas." *Id.*

On the second issue, the supreme court held that the damages Wolf Hollow sought were consequential, but that Article XXI allowed for recovery of replacement-power damages. It also held that there is evidence Wolf Hollow complied with the steps necessary to seek such damages under Section 21.1. *Id.* at 144–45. The court did not specifically state that Wolf Hollow had provided evidence of the triggering event provided in Section 21.1: a failure to deliver the scheduled number of MMBtus of gas. In summarizing this section of its opinion, however, the court concluded that "there is evidence Wolf Hollow *is entitled to recover* replacement-power damages under Section 21.1(c) of the Supply Agreement, precluding summary judgment against Wolf Hollow based on the consequential damages waiver." *Id.* at 145 (emphasis added).

After the supreme court issued its opinion, El Paso filed a motion for rehearing. In part, El Paso asked the court to amend its opinion to state that Section 21.1 does not allow recovery of replacement-power damages on the gas-

3

quality claims, but only on the delivery-failure claims. The supreme court denied the motion without comment.

I do not believe it was necessary for the supreme court, in deciding the issues before it, to conclude that that Wolf Hollow offered sufficient evidence that it is entitled to recover replacement-power damages for poor quality gas under Section 21.1. Yet the supreme court made—and declined to reconsider—the statements quoted above after full consideration and to guide the future conduct of this very litigation. As a lower court, we are bound to follow the supreme court's statements, leaving to that court the function of reconsidering the matter if it wishes. *See Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Justice Christopher's opinion for the Court, which I join, appropriately does so.


/s/     J. Brett Busby
        Justice


Panel consists of Chief Justice Hedges and Justices Christopher and Busby. (Christopher, J., majority). (Hedges, C.J., concurring and dissenting).