Opinion issued November 24, 2020



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00034-CV

_____

**NIKOLETTE LEDESMA AND ELSA ESTRADA, Appellants**

**V.**

**CITY OF HOUSTON, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-84026**

---

## O P I N I O N

Appellants, Nikolette Ledesma and Elsa Estrada, appeal the trial court's grant

of summary judgment in favor of appellee, City of Houston. Appellants sued the

City and one of its employees under the Texas Tort Claims Act (TTCA or the Act)

after a motor-vehicle collision. The City moved to dismiss appellants' claims against its employee under the Act's election-of-remedies provision, and it later filed a motion for summary judgment arguing that the trial court lacked subject-matter jurisdiction over appellants' claims against the City because its employee was not acting in the scope of employment. In one issue, appellants contend that the trial court erred by granting summary judgment because the City judicially admitted its employee was acting in the course and scope of her employment when it moved to dismiss the employee under the election-of-remedies provision. The City responds that it conclusively proved that the trial court lacked subject-matter jurisdiction over appellants' claims.[1]

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

## Background

On Saturday, December 19, 2015, Houston Police Department (HPD) Officer Miranda Martinez a/k/a Miranda Suarez (Suarez) allegedly rear-ended appellants'

---

[1] The City also argues that appellants waived their sole issue on appeal because they did not present it to the trial court. However, issues of subject-matter jurisdiction may not be waived and may be raised for the first time on appeal. *E.g.*, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) ("Subject matter jurisdiction is an issue that may be raised for the first time on appeal; it may not be waived by the parties."). Thus, appellants did not waive their issue on appeal.

vehicle while looking for her cell phone charger. At the time of the collision, Suarez was driving an HPD vehicle and wearing an HPD uniform.

Appellants sued Suarez and the City, Suarez's employer, asserting claims of negligence under the TTCA.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109. Section 101.021 of the TTCA waives a governmental unit's sovereign or governmental immunity for property damage and personal injury "caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if . . . the property damage [or] personal injury . . . arises from the operation or use of a motor-driven vehicle . . . ." *Id.* § 101.021(1); *see also id.* § 101.001(3) (defining "[g]overnmental unit" as including "a political subdivision of this state, including any city"). Appellants' petition alleged, "At the time of the collision, [Suarez] was in the course and scope of her employment with Defendant, CITY OF HOUSTON . . . ."

The City and Suarez filed answers, generally denying liability and asserting numerous defenses. The City also filed a motion to dismiss Suarez under the Act's election-of-remedies provision, section 101.106, which provides in part, "If suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall be immediately dismissed on the filing of a motion by the

---

[2]    Appellants also sued Harris County, Texas, which is not a party to this appeal.

governmental unit." *See id.* § 101.106(e). Appellants filed an amended petition that did not assert claims against Suarez and, as both parties agree, effected a nonsuit of appellants' claims against her. *See* TEX. R. CIV. P. 162, 163, 165; *C/S Sols., Inc. v. Energy Maint. Servs. Grp. LLC*, 274 S.W.3d 299, 306 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("A plaintiff can dismiss a party from the lawsuit by filing an amended petition that omits that party . . . ."). The record on appeal does not reflect that the trial court ruled on the City's motion to dismiss appellants' claims against Suarez.

The City later filed a traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(b), (c). The City asserted that the trial court lacked subject-matter jurisdiction over appellants' claims against it because Suarez was not acting within the scope of her employment at the time of the collision. According to its motion, the incident occurred on a Saturday and Suarez was on call during that weekend, but she was not being paid for her time, she did not perform any duties for the City, she was not responding to a call for service, and she was not responding to any criminal activity. Rather, she was driving to an off-duty job, and she was permitted to drive an HPD vehicle even though she was not acting in her capacity as a law enforcement officer. The City attached an affidavit from Suarez swearing to these facts.

Appellants responded to the City's motion for summary judgment, disputing the City's claim that Suarez was not acting in the scope of her employment.

4

Appellants argued that, at the time of the collision, Suarez was wearing her HPD uniform while driving a vehicle owned by HPD and was on call with HPD. Thus, appellants argued, Suarez was acting within the general scope of her employment at the time of the collision. The trial court granted the City's motion for summary judgment and dismissed appellants' claims against the City for lack of jurisdiction.

This appeal followed.

## Texas Tort Claims Act

### A.     Standard of Review

A party may challenge the trial court's subject-matter jurisdiction in a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *EPGT Tex. Pipeline, L.P. v. Harris Cty. Flood Control Dist.*, 176 S.W.3d 330, 334 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd). The plaintiff bears the burden of alleging facts affirmatively showing that a trial court has subject-matter jurisdiction over the lawsuit. *EPGT Tex. Pipeline*, 176 S.W.3d at 334 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), *Blue*, 34 S.W.3d at 554, and *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). A reviewing court should take the plaintiff's allegations as true and construe all inferences in favor of jurisdiction. *Id.* (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 446). Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Id.* (citing *Miranda*, 133 S.W.3d at 226).

**B.     Governing Law**

Generally, the state and certain governmental units are entitled to sovereign or governmental immunity, which deprives a trial court of subject-matter jurisdiction, unless the state waives immunity by consenting to suit. *E.g.*, *Miranda*, 133 S.W.3d at 224; TEX. GOV'T CODE ANN. § 311.034; *see also Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 353 (Tex. 2013) ("[N]o state can be sued in her own courts without her consent, and then only in the manner indicated by that consent.") (quoting *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847)). The TTCA provides a limited waiver of this immunity. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.009; *see Miranda*, 133 S.W.3d at 224. Section 101.021(1) of the Act provides:

> A governmental unit in the state is liable for:
>
> (1)     property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A)     the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B)     the employee would be personally liable to the claimant according to Texas law[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

The Act also includes an election-of-remedies provision, section 101.106, which requires a plaintiff, at the time of filing suit, to elect whether to sue the

6

governmental unit or its employee. *Id.* § 101.106; *see Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656–57 (Tex. 2008); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(b) (defining "[g]overnmental unit" to include "a political subdivision of this state, including any city"); *id.* § 101.001(2) (defining "[e]mployee").

Although we are concerned primarily with subsection (e), it is useful to our analysis to set forth section 101.106 in full. It provides:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's

7

employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106.

The provision "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that a governmental unit is vicariously liable." *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019) (quoting *Garcia*, 253 S.W.3d at 657). The purpose of the provision is "to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer." *Garcia*, 253 S.W.3d at 657. It thus "eas[es] the burden placed on governmental units and their employees in defending duplicative claims, in part by 'favor[ing] the expedient dismissal of . . . employees when suit should have been brought against the government' under the Act." *Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015) (quoting *Ngakoue*, 408 S.W.3d at 355); *see Garcia*, 253 S.W.3d at 656–57. "The provisions of section 101.106 provide a number of avenues for dismissal of governmental employees and avoidance of duplicative litigation, but they generally favor a suit

8

against the governmental unit when appropriate rather than wholesale dismissal of a plaintiff's otherwise meritorious suit." *Ngakoue*, 408 S.W.3d at 360.

"Judicial admissions result 'when a party makes a statement of fact which conclusively disproves a right of recovery or defense he currently asserts.'" *H2O Sols., Ltd. v. PM Realty Grp., LP*, 438 S.W.3d 606, 617 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (quoting *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 357 (Tex. App.—Houston [1st Dist.] 2012, no pet.)); *see Bowen v. Robinson*, 227 S.W.3d 86, 92 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue."). The elements of a judicial admission are: (1) the statement must be made in the course of a judicial proceeding; (2) it must be made contrary to an essential fact or defense asserted by the party; (3) it must be deliberate, clear, and unequivocal; (4) it cannot be destructive of the opposing party's theory of recovery or defense; and (5) enforcing the statement as a judicial admission would be consistent with public policy. *H2O Sols.*, 438 S.W.3d at 617. "Judicial admissions that are clear and unequivocal have a conclusive effect and bar the admitting party from later disputing the admitted fact." *Id.*; *see Bowen*, 227 S.W.3d at 92 ("A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it."). "This rule is based on the public policy that it would be

9

absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement." *H2O Sols.*, 438 S.W.3d at 617.

## C. Analysis

In their sole issue, appellants argue that, by filing a motion to dismiss their claims against Officer Suarez, the City judicially admitted that Suarez was acting in the course and scope of her employment and, thus, the City was barred from later disputing that admitted fact as it did in its motion for summary judgment.[3] The City denies that it made a judicial admission by moving to dismiss its employee under the election-of-remedies provision because it did not make a clear, deliberate, unequivocal statement of fact. The City also contends that appellants' argument is contrary to the purpose of the election-of-remedies provision, arguing there is "nothing inconsistent in filing a § 101.106(e) motion to dismiss the government employee and then asserting that such employee was acting outside the scope of her employment."

Appellants sued both the City and Suarez, alleging that, at the time of the collision, Suarez was acting in the course and scope of her employment. The City moved to dismiss appellants' claims against Suarez under subsection 101.106(e) of

---

[3] The parties do not dispute that Suarez was an employee of the City on the date of the collision at issue in this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (defining "[e]mployee").

the TTCA. "By filing such a motion [to dismiss its employee under subsection (e)], the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." *Ngakoue*, 408 S.W.3d at 358. "The role of subsections (e) and (f) is to ensure that tort claims within the purview of the Act do not proceed against a government employee for conduct within the scope of his employment." *Cannon*, 453 S.W.3d at 418 (citing *Ngakoue*, 408 S.W.3d at 355). Subsections (e) and (f) "simply do not apply to claims against the employee individually that are outside the Act's scope." *Id.* These subsections contrast with subsection (a), which bar certain suits "against any individual employee," which seek to hold the employee personally liable. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a); *see Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011).

When a governmental unit and its employee are both sued for tort claims, subsection (e) does not require a governmental unit to move to dismiss its employee. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e); *Univ. of Tex. Health Science Ctr. at Houston v. Rios*, 542 S.W.3d 530, 538 (Tex. 2017) ("[I]t is the filing of a motion to dismiss, not its content, that triggers the right to dismissal."); *Garcia*, 253 S.W.3d at 659 (stating that governmental unit did not move to dismiss its employee, but explaining consequences if it had moved for dismissal under subsection (e)); *Crockett Cty. v. Damian*, — S.W.3d —, No. 08-19-00145-CV, 2020 WL 814013, at

11

*3 (Tex. App.—El Paso Feb. 19, 2020, no pet. h.) ("If a plaintiff fails to make the election between the governmental unit and the employee in his individual capacity when suit is first filed and instead sues both parties, as happened here, the governmental unit can, but is not required, to file a motion to dismiss all state-law-tort claims against its employee.").

The governmental unit is in the best position to know whether its employee acted in the course and scope of employment. *See Ngakoue*, 408 S.W.3d at 359 (stating that plaintiff may not be in position of knowing whether defendant was acting in scope of employment when suit was filed and, for purposes of subsection (f), may not be able to obtain information within short time frame necessary to make decision about whether to proceed against governmental unit or its employee, and erroneous decision "would mean that suit is forever barred"). If the employee did not act in the course and scope of employment, the governmental unit can move to dismiss claims against itself for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (waiving governmental unit's immunity for negligence of employee acting within scope of employment). However, by moving to dismiss claims against its employee under subsection (e), the governmental unit judicially admits that the employee was acting in the scope of employment and agrees to vicariously defend its employee. *See Ngakoue*, 408 S.W.3d at 358. Such was the case here.

12

Appellants made their election based on the knowledge they had at the time they filed the lawsuit, which the record reflects included knowledge that Suarez, while wearing an HPD uniform and driving an HPD vehicle, allegedly caused a motor-vehicle collision with appellants' vehicle. Based on this information, appellants pleaded that Suarez was acting in the scope of her employment. The City and Suarez were entitled to have Suarez dismissed under subsection (e) to reduce the City's costs in defending redundant litigation against both it and its employee, but that entitlement required the City to confirm appellants' allegation that Suarez was acting in the scope of her employment. *See Cannon*, 453 S.W.3d at 418; *Ngakoue*, 408 S.W.3d at 358. The City was in the best position to know, at the time it filed the motion to dismiss Suarez under section 101.106(e), whether Suarez had acted in the scope of employment. *See Ngakoue*, 408 S.W.3d at 359. Indeed, the City was able to obtain an affidavit from her denying that she was acting in the course and scope of her employment at the time of the accident to support its later motion for summary judgment. If it was the City's position that Suarez was not acting in the course and scope of her employment, it should have filed a motion to dismiss appellants' claims against itself for lack of jurisdiction rather than a motion to dismiss the claims against Suarez. *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) *with id.* § 101.106(e). We conclude that by moving to dismiss the claims against Suarez under subsection (e), the City judicially admitted that Suarez was

13

acting in the scope of employment and agreed to vicariously defend her, and the City was barred from later disputing that Suarez was acting in the scope of her employment. *See Ngakoue*, 408 S.W.3d at 358; *Bowen*, 227 S.W.3d at 92 ("A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it.").

The City argues that this conclusion would alter and defeat the election-of-remedies scheme. We disagree. As we stated above, the election-of-remedies provision places the duty on the plaintiff to decide at the outset of litigation, often before any discovery has been conducted or evidence gathered, "whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that a governmental unit is vicariously liable." *Garza*, 574 S.W.3d at 399 (quoting *Garcia*, 253 S.W.3d at 657). A plaintiff's incorrect election is still an election. *See Garcia*, 253 S.W.3d at 657 ("Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.").

The purpose of the provision is "to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer," which in turn reduces the governmental unit's expenditure of resources by preventing duplicative claims. *Id.*; *see Cannon*,

14

453 S.W.3d at 415 (quoting *Ngakoue*, 408 S.W.3d at 355). Holding a governmental unit to its admission that it is the proper party does not defeat these goals. The plaintiff can still sue only one party—either the governmental unit or its employee but not both—which reduces redundant litigation against duplicative parties. *See Garcia*, 253 S.W.3d at 657. Moreover, such an admission serves the election-of-remedies goal of protecting the governmental employee, who will be dismissed upon the governmental unit's motion acknowledging that the employee was acting in the scope of employment. "[A] central goal of the TTCA as a whole is to allow certain types of suits against the government." *Ngakoue*, 408 S.W.3d at 359 (citing *Garcia*, 253 S.W.3d at 656). "The provisions of section 101.106 provide a number of avenues for dismissal of governmental employees and avoidance of duplicative litigation, but they generally favor a suit against the governmental unit when appropriate rather than a wholesale dismissal of a plaintiff's otherwise-meritorious suit." *Id.* at 360. Thus, our conclusion achieves the purposes of the election-of-remedies provision.

Our sister court recently decided a case involving a similar issue. *See Ramos v. City of Laredo*, 547 S.W.3d 651 (Tex. App.—San Antonio 2018, no pet.). Like appellants here, Ramos sued the city and one of its employees under the TTCA after the employee, a law enforcement officer, crashed his motorcycle into Ramos's motorcycle. *Id.* at 652. The city filed a plea to the jurisdiction and requested that the

trial court dismiss the claims against the officer under section 101.106(e). *Id.* at 653 (citing TEX. PRAC. & REM. CODE ANN. § 101.106(e)). Ramos nonsuited the officer, and the city amended its plea, arguing that the TTCA did not waive the city's governmental immunity because the officer was not acting in the scope of his employment at the time of the crash. *Id.* Ramos responded that the city had judicially admitted its officer acted in the course and scope of his employment by pleading official immunity, which he argued could only be asserted if the officer was acting in the scope of his employment. *Id.* The trial court denied the city's amended plea, and the case went to trial. *Id.* Over Ramos's objection based on the city's failure to plead scope of employment as an affirmative defense, the court allowed a jury question on whether the officer was acting in the course and scope of employment. *Id.* at 653–54 & n.1. The jury found that the officer negligently caused the motorcycle accident, but it determined that he did not act in the scope of his employment. *Id.* at 653–54. Thus, the trial court entered a take-nothing judgment against the city. *Id.* at 654.

On appeal, the San Antonio Court of Appeals agreed with Ramos that, when the city requested its employee be dismissed under section 101.106(e), it confirmed Ramos's allegation in his petition that the officer was acting in the scope of his employment, and it agreed to vicariously defend its employee. *Id.* at 655. In reaching its conclusion, the court stated, "By filing a Section 101.106(e) motion to dismiss, a

16

governmental unit 'effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party.'" *Id.* (quoting *Ngakoue*, 408 S.W.3d at 358, and citing *Univ. of Tex. M.D. Anderson Cancer Ctr. v. Stewart*, No. 01-16-00865-CV, 2017 WL 2590230, at *4 (Tex. App.—Houston [1st Dist.] June 15, 2017, no pet.) (mem. op.)). The court also stated,

> The role of subsections (e) and (f) is to ensure that tort claims within the purview of the Act do not proceed against a government employee for conduct within the scope of his employment. But those provisions simply do not apply to claims against the employee individually that are outside the Act's scope.

*Id.* (quoting *Cannon*, 453 S.W.3d at 418). The court held that the city's motion to dismiss its employee under subsection (e) asserted qualified immunity for its employee and amounted to a judicial admission that the officer was acting in the scope of employment at the time of the accident, and that allowing a jury question on scope of employment was therefore reversible error. *Id.* at 655–56.

The City argues that *Ramos* improperly relied on dictum from *Texas Adjutant General's Office v. Ngakoue*, in which the Texas Supreme Court stated, "By filing such a motion [to dismiss its employee under section 101.106(e)], the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party." 408 S.W.3d at 359; *see Ramos*, 547 S.W.3d at 655 (quoting *Ngakoue*, 408 S.W.3d at 359). We disagree. "Dictum is an observation or remark made concerning some rule, principle, or

17

application of law suggested in a particular case, which observation or remark is not necessary to the determination of the case." *Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (citing *Dictum*, BLACK'S LAW DICTIONARY (5th ed. 1979)). Although dictum does not generally bind courts as precedent under stare decisis, "[j]udicial dictum, a statement by the supreme court made very deliberately after mature consideration and for future guidance in the conduct of litigation, is 'at least persuasive and should be followed unless found to be erroneous.'" *Id.* (quoting *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 773 (Tex. 1964)). Even assuming without deciding that the quoted language is dictum, the City does not argue how it is erroneous. To the contrary, the language has been quoted approvingly by the Texas Supreme Court, this Court, and our sister courts. *See Rios*, 542 S.W.3d at 535 (quoting *Ngakoue*, 408 S.W.3d at 358); *Cannon*, 453 S.W.3d at 414 n.7 (same); *Damian*, — S.W.3d —, 2020 WL 814013, at *3 (same); *Ramos*, 547 S.W.3d at 655 (same); *Stewart*, 2017 WL 2590230, at *4 (same). We conclude that the *Ramos* court properly relied on Texas Supreme Court precedent as at least persuasive precedent that should be followed, dictum or not, and that we too are likewise bound by that precedent. *See Edwards*, 9 S.W.3d at 314 (quoting *Perkins*, 386 S.W.2d at 773).

We hold that, by moving to dismiss appellants' claims against Suarez under section 101.106(e), the City judicially admitted that Suarez was acting within the

scope of her employment and agreed to vicariously defend her, and the City's judicial admission barred it from later disputing that Suarez was acting within the scope of her employment. *See Cannon*, 453 S.W.3d at 418; *Ngakoue*, 408 S.W.3d at 358; *Ramos*, 547 S.W.3d at 656–57; *Bowen*, 227 S.W.3d at 92. Thus, the trial court erred by granting the City's motion for summary judgment.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. We dismiss any pending motions as moot.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Lloyd, and Landau.